UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: BLOCK ISLAND FISHING, INC., <br> for Exoneration from or Limitation of Liability. | Civil Action No. 16-10043-GAO |

OPINION AND ORDER
July 22, 2016

O'TOOLE, D.J.

The plaintiff, Block Island Fishing, Inc., has filed this admiralty action seeking a declaration that it is not liable for damage caused by the collision of its vessel, the F/V HEDY BRENNA (USCG No. 635354), with the BW GDF SUEZ BOSTON (IMO No. 9230062). In the alternative, the plaintiff requests that its liability be limited under the Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501–30512.

A potential claimant, Partrederiet BW Gas GDF Suez Emt Da ("Partrederiet"), filed a motion to strike and dismiss the Complaint, citing a number of defects. The plaintiff timely filed an Amended Complaint (dkt. no. 8), curing some, but not all, of Partrederiet's issues. Two areas of contention remain: (1) whether the plaintiff is required to post security for its vessel in order to pursue this action and (2) whether the Amended Complaint properly states a claim for exoneration or limitation of liability. Both issues are governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. After briefing, a hearing was held on the matter at which Partrederiet submitted some additional materials. The plaintiff filed supplementary materials in response.

The first issue concerns the proper procedure for posting a security in these sorts of cases. Relevant here, Rule F(1) provides:

> [A]ny vessel owner may file a complaint in the appropriate district court . . . for limitation of liability pursuant to statute. The owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor, as the court may from time to time fix as necessary . . . or (b) at the owner's option shall transfer to a trustee to be appointed by the court, for the benefit of claimants, the owner's interest in the vessel and pending freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary . . . .

In lieu of depositing the value of the F/V HEDY BRENNA with the Court, the plaintiff moved to appoint an appraiser to evaluate the worth of the vessel. The plaintiff argues that seeking an appraiser at this stage is "[i]n accordance with the custom and practice of this District." (Pl.'s Opp'n to Partrederiet's Mot. to Strike & Dismiss Its Compl. 10 (dkt. no. 10).) Partrederiet argues that Rule F requires a bond to be posted immediately upon filing the action.

The plaintiff has produced examples of several cases in this District in which the plaintiff initially moved for an appraiser in lieu of posting security. (See Pl.'s Submission to Partrederiet's Argument in Supp. of Its Mot. to Strike and Dismiss the Pl.'s Compl., Ex. A (dkt. no. 15-1).) Other cases in this District followed the practice Partrederiet champions. See, e.g., Stipulation Re Security for Value of Pl.'s Interest, In re Middlesex Corp., Civil Action No. 14-40145-TSH (D. Mass. Oct. 6, 2014), ECF No. 2-4.

Both procedures are acceptable under Rule F. The Rule does not prohibit an early appraisal, and common practice, as reflected in cases and treatises, supports it. See, e.g., 3 Benedict on Admiralty § 65 (2015). Indeed, an appraisal is useful for ensuring that the "*approved* security" is of the right amount. Rule F(1) (emphasis added); accord 46 U.S.C. § 30511.

The plaintiff's motion to obtain an appraisal of the F/V HEDY BRENNA is therefore granted. The appraiser chosen by the plaintiff has ample experience in carrying out this task. The delay in posting security for the value of the vessel has no effect on the timeliness of the action. See 46 U.S.C § 30511(a) ("The *action* must be brought within 6 months after a claimant gives the owner written notice of a claim." (emphasis added)).

The second issue presented is whether the Amended Complaint adequately states a claim. Partrederiet argues that the Amended Complaint does not comply with the requirements of Rule F(2). However, as the plaintiff points out, because Partrederiet has not filed a claim, it is not yet a party. Several courts have required a potential claimant to file a claim and answer pursuant to Rule F(5) before pursuing a challenge to a complaint for limitation of liability.[1] See In re Complaint & Petition of Triton Asset Leasing GmbH, 719 F. Supp. 2d 753, 757–58 (S.D. Tex. 2010) (collecting cases). This rule makes sense; generally speaking, an entity should be able to file a pleading or motion challenging the merits of a case only when it is actually a party. See, e.g., Fed. R. Civ. Pro. 12(b) ("[A] *party* may assert the following defenses by motion . . . ." (emphasis added)). Until it files a claim, Partrederiet's challenge is premature. It may seek further relief if it becomes a party to this action.

The plaintiff's Motion for Appointment of Appraiser (dkt. no. 1) is GRANTED. Partrederiet's Motion to Strike and Dismiss (dkt. no. 6) is DENIED without prejudice. Partrederiet's Request for Leave to File Reply Brief (dkt. no. 11) is MOOT.

---

[1] In relevant part, Rule F(5) reads: "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer."

The Court contemplates that, after the appraiser produces his report, the plaintiff will seek its approval and, if granted, move for the issuance of notice to potential claimants in accordance with Rule F(4).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.  
United States District Judge